UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRANDON CHE LEE,<br><br>   Plaintiff,<br><br>  v.<br><br>TO BE NAMED,<br><br>   Defendant. | Case No.  2:16-cv-01986-RFB-PAL<br><br>ORDER |

  This action is a *pro se* civil rights complaint filed by a federal prisoner. On October 12, 2016, this Court issued an order granting Plaintiff an extension of time to file a fully complete application to proceed *in forma pauperis*. (ECF No. 8 at 1-2). The Court acknowledged Plaintiff's letter declaring his difficulties in obtaining a copy of his prison trust account. (*Id.* at 1). The Court ordered Plaintiff to file a fully complete application to proceed *in forma pauperis* on or before Friday, November 4, 2016. (*Id.* at 2). The Court stated that, if Plaintiff continued to have difficulty obtaining a financial certificate and an inmate account statement from prison officials, he should:

> file an affidavit in this case detailing when he requested the documents, who he spoke to about the status of the documents, who he followed up with after he did not receive the documents, and their responses. In other words, if Plaintiff is unable to acquire the necessary documents from prison officials, he must provide the Court with an affidavit that demonstrates that he has done all that he could to acquire the documents by the Court's deadline. Plaintiff's affidavit should include dates of his requests, dates of his follow-up requests, names of the prison officials that he spoke to about

        the matter, and their responses.  If Plaintiff's affidavit demonstrates that he has done all that was possible to acquire the documents, the Court will consider his application to proceed *in forma pauperis* complete.

(*Id.* at 2).  The Court noted that, if Plaintiff chose to file an affidavit, he must describe the actions he took to acquire the documents through Friday, October 28, 2016.  (*Id.*)  The deadline has now expired, and Plaintiff has not filed an application to proceed *in forma pauperis*.  Instead, in a letter dated October 19, 2016, Plaintiff wrote to inform the Court that he is being held illegally by the Bureau of Prisons.  (ECF No. 9-1).

        District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.  *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule);  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)  (dismissal for failure to comply with an order requiring amendment of complaint);  *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address);  *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order);  *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

        In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal.  The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's order requiring Plaintiff to file an application to proceed *in forma pauperis* or file an affidavit by November 4, 2016 expressly stated: "IT IS FURTHER ORDERED that if Plaintiff does not timely comply with this order, dismissal of this action may result." (ECF No. 8 at 3).  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to file an application to proceed *in forma pauperis* or file an affidavit by November 4, 2016.

IT IS THEREFORE ORDERED that this action is dismissed without prejudice based on Plaintiff's failure to file an application to proceed *in forma pauperis* or affidavit in compliance with this Court's October 12, 2016, order.

IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment accordingly.

DATED this 20th day of March 2017.

RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE